HOUSEHOLD FINANCE CORPORATION, Plaintiff, *v.* DOROTHY I. WORDEN, Defendant.

Supreme Court, Special Term, Oneida County, October 26, 1954.

*Ernest B. DeRosa* for plaintiff.

*Henry H. Kent* for defendant.

SULLIVAN, J. This is a motion by the plaintiff, which is a foreign corporation doing business in this State, for an order vacating and setting aside an order of this court heretofore granted, ex parte, wherein the plaintiff is directed to give security for costs in this action as provided in section 1522 of the Civil Practice Act.

The plaintiff is a licensed lender pursuant to the provisions of article IX of the Banking Law. Its place of business is located at 186 Genesee Street, Utica, N. Y. It also maintains offices for the transaction of business in all of the principal cities of the State of New York. The liquid assets of the plaintiff which are in its possession at the Utica office are in excess of $50,000 which is represented by customers' notes; and it has actual cash on hand with which to operate its business in the amount of approximately $6,000 daily.

Sections 340 through 365 of article IX of the Banking Law, with the exception of section 343-a (which section prescribes

that, as a prerequisite to the issuance of a license to a foreign corporation by the Superintendent of Banks, the applicant designate him as attorney for the service of process) apply alike to domestic and foreign corporations. Each must have available for the operation of the business of a licensed lender, at a specific location designated in the license, liquid assets of at least $25,000. This sum must be maintained at all times, either in liquid form available for the operation of or actually used in the conduct of the business at the location specified in the license. Plaintiff has complied with the statute.

This court is of the opinion that the order should be vacated under the authority in *Standard Marine Ins. Co.* v. *Verity* (243 App. Div. 639).

In the cited case, the plaintiff is a foreign insurance corporation authorized to do business in this State. For it to acquire a license to do so, it was obliged to comply with the provisions of the Insurance Law, among which is a provision that it deposit with the Superintendent of Insurance funds for the protection of its policyholders and creditors.

Although the provisions in the Banking Law with respect to the licensing of licensed lenders and those in the Insurance Law with respect to the licensing of foreign insurance companies under the Insurance Law are by no means identical, the intent of the two statutes may be said to be comparable insofar as the purpose, in part, of the provisions of both is for the protection of creditors.

It would seem from the reading of article IX of the Banking Law that a foreign corporation licensed to do business as a licensed lender in this State is deemed to be for most legal purposes and as parties to actions, a domestic corporation. (*Standard Marine Ins. Co.* v. *Verity, supra.*)

Order accordingly.